# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

APRIL WARD,                                    )
                                               )
                          Plaintiff,           )
                                               )        CIVIL ACTION
v.                                             )
                                               )        No. 13-2091-JWL
CAROLYN W. COLVIN,                             )
Acting Commissioner of Social Security,        )
                                               )
                          Defendant.           )
_____ )


## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security
(hereinafter Commissioner) denying Social Security Disability (SSD) benefits and
Supplemental Security Income (SSI) benefits under sections 216(i), 223, 1602, and
1614(a)(3)(A) of the Social Security Act.  42 U.S.C. §§ 416(i), 423, 1381a, and
1382c(a)(3)(A) (hereinafter the Act).  Finding no error in the Commissioner's decision,
the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42
U.S.C. § 405(g) AFFIRMING that decision.

## I.    Background

Plaintiff applied for SSD benefits and for SSI benefits, alleging disability
beginning July 13, 2008.  (R. 17, 214-20).  In due course, Plaintiff exhausted proceedings
before the Commissioner, and now seeks judicial review of the final decision denying

benefits.  She alleges the Administrative Law Judge (ALJ) erred in evaluating the opinion

of her treating nurse-practitioner, Mr. McCullough, and that Mr. McCullough's opinion

should have been accorded greater weight than the opinion of the testifying medical

expert, Dr. Shakil Mohammed.[1]

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052

(10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he

findings of the Commissioner as to any fact, if supported by substantial evidence, shall be

conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual

findings are supported by substantial evidence in the record and whether she applied the

correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord,

White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than

a scintilla, but it is less than a preponderance; it is such evidence as a reasonable mind

might accept to support a conclusion.  Richardson v. Perales, 402 U.S. 389, 401 (1971);

Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that

of the agency."  Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting

Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord,

Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).  Nonetheless, the

---

[1]Plaintiff addresses the medical expert as Dr. Shakil, and at one point in the
decision, the ALJ refers to him as "Mohammed Shakil" (R. 22), but the expert's
curriculum vitae reveals that he is Dr. Shakil Mohammed.  (R. 203).

determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's RFC.  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one

3

through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds no error in the ALJ's evaluation of the medical sources' opinions.

## II.    Evaluation of the Medical Sources' Opinions

Plaintiff claims the ALJ erred in evaluating the opinion of Mr. McCullough, ARNP--the psychiatric nurse-practitioner who treated her for her mental impairments. She argues that the ALJ did not weigh Mr. McCullough's opinion in accordance with Social Security Ruling (SSR) 06-3p, and consequently failed to state the weight accorded to that opinion and failed to evaluate the opinion in accordance with the regulatory factors for weighing medical opinions.  Plaintiff also argues that the ALJ's determination to discount Mr. McCullough's opinion is not supported by substantial evidence because the ALJ did not identify the specific inconsistencies between Mr. McCullough's treatment notes and his opinion, and because the treatment notes actually support the opinion. Finally, Plaintiff argues that Dr. Mohammed's hearing testimony is not substantial evidence sufficient to overcome Mr. McCullough's opinion and to support the RFC assessed by the ALJ.  The Commissioner argues that the ALJ's evaluation of Mr. McCullough's opinion is supported by substantial record evidence.  She argues that the

ALJ applied SSR 06-3p and properly evaluated Mr. McCullough's opinion in accordance with the factors for weighing medical opinions, and that the ALJ's evaluation is supported by the record evidence.  The Commissioner argues that the ALJ discounted Mr. McCullough's opinion based upon its inconsistency with his own treatment notes and based upon the medical opinion of Dr. Mintz, and she argues that the opinion of Dr. Mohammed is consistent with Dr. Mintz's opinion.

The court agrees with the Commissioner that the ALJ relied upon more than the inconsistency between Mr. McCullough's opinion and his treatment notes to discount Mr. McCullough's opinion.  The court finds that the ALJ relied upon that inconsistency along with the opinions of Dr. Mintz, of Dr. Mohammed, and of the state agency psychological consultant to discount Mr. McCullough's opinion and to assess Plaintiff's RFC.

A.    **Standard for Weighing the Opinions of Medical Sources**

A treating physician's opinion or a treating psychologist's opinion about the nature and severity of a claimant's impairments should be given controlling weight by the Commissioner if that opinion is well supported by clinical and laboratory diagnostic techniques and if it is not inconsistent with other substantial evidence in the record. Watkins v. Barnhart, 350 F.3d 1297, 1300-01 (10th Cir. 2003); 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).  When a treating source's opinion is not given controlling weight, the ALJ must nonetheless specify the weight he assigns each opinion. Id. §§ 404.1527(d), 416.927(d); SSR 96-5p, West's Soc. Sec. Reporting Serv., Rulings 123-24 (Supp. 2013).

A treating source opinion which is not entitled to controlling weight is "still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927." Watkins, 350 F.3d at 1300.  Those factors are:  (1) length of treatment relationship and frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.  Id. at 1301; 20 C.F.R. §§ 404.1527(d)(2-6), 416.927(d)(2-6); see also Drapeau v. Massanari, 255 F.3d 1211, 1213 (10th Cir. 2001) (citing Goatcher v. Dep't of Health & Human Servs., 52 F.3d 288, 290 (10th Cir. 1995)).  But, the court will not insist on a factor-by-factor analysis so long as the "ALJ's decision [is] 'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" Oldham v. Astrue, 509 F.3d 1254, 1258 (10th Cir. 2007) (quoting Watkins, 350 F.3d at 1300).  After considering the factors, the ALJ must give good reasons in his decision for the weight he ultimately assigns each opinion.  If the ALJ rejects a treating source opinion completely, he must give specific, legitimate reasons for doing so.  Watkins, 350 F.3d at 1301.

Recognizing the reality that an increasing number of claimants have their medical care provided by health care providers who are not "acceptable medical sources"--nurse

practitioners, physician's assistants, social workers, and therapists, the Commissioner

promulgated SSR 06-3p.  West's Soc. Sec. Reporting Serv., Rulings 327-34 (Supp.

2013).  In that ruling, the Commissioner noted:

> With the growth of managed health care in recent years and the emphasis
> on containing medical costs, medical sources who are not "acceptable
> medical sources," such as nurse practitioners, physician assistants, and
> licensed clinical social workers, have increasingly assumed a greater
> percentage of the treatment and evaluation functions previously handled
> primarily by physicians and psychologists.  Opinions from these medical
> sources, who are not technically deemed "acceptable medical sources"
> under our rules, are important and should be evaluated on key issues such as
> impairment severity and functional effects, along with the other relevant
> evidence in the file.

Id., Rulings, 330-31.

SSR 06-3p explains that such opinions will be evaluated using the regulatory

factors for evaluating medical opinions; id. at 331-32 (citing 20 C.F.R. §§ 404.1527,

416.927); and explains that the ALJ "generally should explain the weight given to

opinions from these 'other sources,' or otherwise ensure that the discussion of the

evidence in the . . . decision allows a claimant or subsequent reviewer to follow the

adjudicator's reasoning, when such opinions may have an effect on the outcome of the

case."  Id. at 333; see also Frantz v. Astrue, 509 F.3d 1299, 1302 (10th Cir. 2007).

**B.**     **The ALJ's Determination**

The ALJ discussed the opinions from all of the mental healthcare medical sources

in the record:

> With regard to opinions and reports from treating and examining
> physicians, psychologists and third-parties, there is some difference of

7

opinion in the record.  Claimant's registered nurse practitioner has provided several opinions, which appear to be inconsistent with the underlying treatment notes.  In contrast, an examining psychologist, who evaluated claimant in July 2009, concluded claimant was not disabled mentally.  The opinion was that claimant may have difficulty relating to coworkers and supervisors but could understand simple and intermediate instructions and had intact concentration capacity.  The mental status evaluation at Page 4 in Exhibit 4F supports these conclusions.  Similarly, a state agency psychologist concluded that claimant had only mild restrictions of activities of daily living with moderate social dysfunction and moderate concentration deficits with no episodes of extent of decompensation.  These opinions are clearly consistent with the record and the credible rationale is found at Page 13 in Exhibit 5F and Page 3 in Exhibit 6F.  The medical expert, Mohammed Shakil, provided unimpeached, consistent testimony.

(R. 22).  In this single paragraph, the ALJ evaluated the opinions of Mr. McCullough, Plaintiff's nurse-practitioner; Dr. Mintz, the psychologist who examined Plaintiff at the request of the state agency in July 2009; Dr. Fantz, the state agency psychologist who reviewed the medical evidence and provided his opinion in a Psychiatric Review Technique form at Exhibit 5F, and in a Mental Residual Functional Capacity Assessment form at Exhibit 6F; and Dr. Mohammed, the psychiatrist who reviewed the medical evidence and provided his opinion in testimony at the hearing.

**C.**     **Analysis**

While it would have been helpful for the ALJ to have gone into greater detail in explaining and supporting the weight assigned to each opinion, the decision is sufficiently specific to make clear the weight accorded to Mr. McCullough's opinion and the reasons for that weight as required by the court in Oldham, 509 F.3d at 1258, and in Watkins, 350 F.3d at 1300.  More is not required.

8

Plaintiff's argument misses the point and the structure of the ALJ's analysis.  Here, the ALJ contrasted the opinion of Plaintiff's nurse-practitioner--that Plaintiff has disabling mental restriction--with the opinions of all of the remaining mental health practitioners--that Plaintiff has moderate limitations in certain aspects of concentration, persistence, and pace, and in social functioning, but that she is nonetheless mentally able to work.  The ALJ found that Mr. McCullough's opinion was inconsistent with his treating notes, and that the other opinions were consistent with each other and were consistent with the record as a whole.

Plaintiff's argument that the ALJ failed to apply SSR 06-3p because she failed to discuss the weight accorded to Mr. McCullough's opinion and because she failed to evaluate the opinion pursuant to the regulatory factors for evaluating medical opinions is without merit.  As Plaintiff argues, SSR 06-3p requires that an ALJ, when considering the opinions of "other" medical sources such as nurse-practitioners, weigh those opinions in accordance with the regulatory factors used for weighing medical opinions of acceptable medical sources and generally explain the weight accorded those opinions.  West's Soc. Sec. Reporting Serv., Rulings 331-33 (Supp. 2013).   That is what the ALJ did here.

First, the ALJ stated she had "considered opinion evidence in accordance with the requirements of 20 CFR §§ 404.1527 and 416.927 and SSRs 96-2p, 96-5p and 06-3p." (R. 21).  That is confirmed by the fact that the ALJ compared and contrasted the opinion evidence, explained that she weighed the opinions base upon their consistency with the practitioner's treatment notes, the record evidence, and the rationale provided by the

practitioner.  Moreover, she weighed the opinions at issue here all in one paragraph without making any distinction between the standard applied to each of the opinions.

Plaintiff's argument that the ALJ did not explain the weight accorded to Mr. McCullough's opinion is also belied by the decision.  While the ALJ did not specifically state, "I accord no weight to Mr. McCullough's opinion," the decision in context reveals that she contrasted that opinion with the other opinions, noted that Mr. McCullough's opinion was inconsistent with his treatment notes, and noted that the other opinions contained specific rationale explaining the bases of the opinions, that the other opinions were consistent with the record, and that the other opinions were consistent with each other.  The decision leaves no doubt that Mr. McCullough's opinion was given no weight, and explains the reasons for that determination.

Plaintiff's appeal to Frantz, 509 F.3d at 1302, for the proposition that remand is necessary for consideration in light of SSR 06-3p is unavailing.  In Frantz, the court noted that the ALJ did not explain why he disregarded the opinion of a clinical nurse specialist, and that SSR 06-3p had been published by the Commissioner after the ALJ announced his decision in that case, and the court remanded for consideration of the nurse specialist's opinion in light of SSR 06-3p.  Frantz, 509 F.3d at 1301.  Here, by contrast, SSR 06-3p hab been in effect for more than five years when the ALJ made her decision, the ALJ cited it as a Ruling that she had followed in evaluating the opinions of the medical sources, and, as noted above, the ALJ explained why she gave no weight to Mr. McCullough's opinion.

Plaintiff's argument that the ALJ did not address the regulatory factors when evaluating Mr. McCullough's opinion is also belied by the decision.  Plaintiff accepts that the ALJ found that Mr. McCullough's opinion was inconsistent with his treatment notes. Regulatory factors three and four--which concern consistency and support for the opinion by relevant evidence--were clearly considered by the ALJ in making that finding.  20 C.F.R. §§ 404.1527(d)(3, 4), 416.927(d)(3, 4) ((3) the degree to which the physician's opinion is supported by relevant evidence, (4) consistency between the opinion and the record as a whole).  Moreover, the ALJ cited the regulations and SSR 06-3p and explained that she had evaluated the opinions based upon those standards.  And, the ALJ acknowledged that Mr. McCullough had treated Plaintiff.  Finally, the ALJ's explanation regarding the other opinions also reveals that she considered the regulatory factors.  A factor-by-factor analysis is not required.  Oldham, 509 F.3d at 1258.

Plaintiff points out that the ALJ did not explicitly state the inconsistencies she found between Mr. McCullough's opinion and his treatment notes, and argues that this fact is an error requiring remand, because it forces the court to speculate to determine what the inconsistencies are, and because the court cannot determine whether the ALJ's conclusion is adequately supported if the ALJ did not specifically weigh the evidence. (Pl. Br. 10) (citing Clifton v. Chater, 79 F.3d 1007, 1009 (10th Cir. 1996); and Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995)).  The court does not agree.

Here, the ALJ stated the reason for discounting Mr. McCullough's opinion (it appears "to be inconsistent with the underlying treatment notes").  The court's task on

11

review is to determine whether substantial record evidence supports the ALJ's finding.

To look at the record evidence and determine whether it supports the ALJ's finding (that

the opinion is inconsistent with the underlying treatment notes) is not to speculate, it is to

perform the duty assigned to the court by Congress in the fifth sentence of 42 U.S.C.

§ 405(g) ("The findings of the Commissioner of Social Security as to any fact, if

supported by substantial evidence, shall be conclusive . . ."). If the ALJ had stated merely

that she gave no weight to Mr. McCullough's opinion and had given no basis for that

finding, it would be speculation (and improper post-hoc rationalization) for the court to

attempt to search the record and provide a basis for giving no weight to the opinion. This

is a far different matter, for the ALJ provided the rationale for her decision. The only

question for the court is whether the record evidence supports that finding.

The cases cited by Plaintiff do not require a different conclusion. In Clifton, the

ALJ stated a summary conclusion that the claimant's impairments did not meet or equal

any Listed Impairment without giving any reason or even identifying the relevant listings.

79 F.3d at 1009. The court explained that "[i]n the absence of ALJ findings supported by

specific weighing of the evidence, we cannot assess whether relevant evidence adequately

supports the ALJ's conclusion." Id. Here, unlike in Clifton, the ALJ weighed the

evidence and made a finding. The court need only determine whether the record evidence

supports that finding. Kepler is to a similar effect. There, the court recognized that

"agencies must give reasons for their decisions," and noted that in that case, "the ALJ

gave his conclusions but not the reasons for his conclusion." 68 F.3d at 391. Moreover,

12

the court recognized that <u>credibility</u> findings "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." <u>Id.</u> Therefore, the court ordered "a limited remand . . . for the Commissioner to make express findings in accordance with <u>Luna</u>, with reference to relevant evidence as appropriate." <u>Id.</u> Here, the determination at issue is not a credibility finding, and the ALJ gave the reason for her decision to discount Mr. McCullough's opinion. <u>Kepler</u> does not apply here.

The court finds that record evidence supports the ALJ's determination. As the Commissioner suggests, Mr. McCullough's treatment notes largely recount Plaintiff's subjective complaints and her description to Mr. McCullough of events occurring in her life. Mr. McCullough opined that Plaintiff has "frequent" (defined as greater that one-third of the time) deficiencies of concentration, persistence, or pace resulting in failure to complete tasks in a timely manner, but Mr. McCullough did not explain the bases for his opinion, and his treatment notes do not reflect symptoms consistent with that opinion. Further, Mr. McCullough opined that Plaintiff had "Repeated (three or more)" (R. 494), episodes of decompensation, but Mr. McCullough did not explain what he meant by an episode of decompensation, his treatment notes do not explain episodes of decompensation, and his treatment notes do not reflect occurrence of three or more episodes of decompensation as defined in the regulations. 20 C.F.R., Pt. 404, Subpt. P, App. 1, § 12.00(C)(4). Clearly, and as the ALJ found, Dr. McCullough's opinions are inconsistent with his treatment notes. Moreover, the remainder of the ALJ's findings with regard to his weighing of the opinion evidence are confirmed by the record evidence.

13

Finally, Plaintiff points to certain aspects of Dr. Mohammed's testimony, to the standard for weighing non-examining source opinions, and to certain record evidence, and argues that the testimony of Dr. Mohammed "is not substantial evidence to support the ALJ's decision." (Pl. Br. 13). Once again, Plaintiff's argument ignores the ALJ's particular finding. The ALJ found that Dr. Mohammed "provided unimpeached, consistent testimony." (R. 22).

The record evidence confirms this finding. First, Dr. Mohammed testified that Plaintiff's condition does not meet or medically equal the severity of a Listed Impairment; that Plaintiff has moderate limitations in social functioning, and in concentration, persistence, and pace; mild limitations in activities of daily living; and no episodes of decompensation. (R. 46-47). As the ALJ found, this testimony is consistent with the opinions of Dr. Mintz and of the state agency psychologist as reflected in Exhibits 4F, 5F, and 6F. (R. 22, 355-77). Moreover, after Dr. Mohammed testified as to these opinions, the ALJ specifically asked Plaintiff's counsel if he had any "questions for the doctor?" (R. 49). Counsel responded, "I have no questions at this time, your honor," and he never followed up with any questions regarding Dr. Mohammed's testimony. That is the definition of unimpeached testimony. In context with all of the opinion evidence, Dr. Mohammed's testimony is part of the substantial evidence supporting the ALJ's decision.

Plaintiff has shown no error in the ALJ's evaluation of the opinion evidence.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's decision.

14

Dated this <u>23rd</u> day of June 2014, at Kansas City, Kansas.


<u>s:/ John W. Lungstrum</u>
**John W. Lungstrum**
**United States District Judge**